UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA BUCHANAN and BRANDI SANDERSON, on behalf of themselves and all other Plaintiffs similarly situated known and unknown,<br><br>    Plaintiff,<br><br>v.<br><br>GOOD EATS RESTAURANT GROUP, LLC,<br><br>    Defendant. | |

## COMPLAINT AT LAW

Plaintiffs, Amanda Buchanan and Brandi Sanderson (collectively "Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated known and unknown ("Plaintiff Class"), by and through their attorneys, Caffarelli & Siegel Ltd. and Hayes Lango LLP, for their Complaint at Law, complain against Defendant Good Eats Restaurant Group, LLC ("Good Eats"), as follows:

## NATURE OF ACTION

1. Plaintiffs bring this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, et seq. ("IMWL"), for Defendant's failure to pay minimum wages due to Plaintiffs and members of the Plaintiff Class for all time worked. Specifically, Defendant has violated the FLSA and IMWL by paying its hourly non-exempt servers and other similarly situated employees at a rate that is less than the prevailing minimum wage for tipped employees.

2. Plaintiffs bring this action collectively on behalf of themselves and all other similarly situated individuals to recover unpaid wages, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

3. Plaintiffs also bring this action as a class claim pursuant to Federal Rule of Civil Procedure 23(b)(3) for purposes of the IMWL.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

5. The unlawful employment practices described herein were committed within the State of Illinois, at Defendant's facility located in Chicago, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Buchanan was employed by Defendant as an hourly paid server from on or around July 20, 2010 until on or around September 15, 2010. Buchanan resides in Chicago, Illinois.

7. Sanderson was employed by Defendant, initially as a hostess and then as an hourly paid server from on or around July 1, 2010 until on or around December 16, 2011. Sanderson resides in Chicago, Illinois

8. Plaintiff and all other unnamed members of the Plaintiff Class are either present or past hourly-paid servers employed by the Defendant who have not been paid the applicable minimum wage under the FLSA and IMWL.

9. Defendant Good Eats is an Illinois corporation engaged in the restaurant industry. Its Urban Burger Bar restaurant is located at 1578 North Clybourn Avenue, Chicago, Illinois 60642. Its Sono Wood Fired Pizzeria restaurant is located at 1582 North Clybourn, Chicago, Illinois 60642. Both of Defendant's restaurants are located in this judicial district.

## FACTUAL ALLEGATIONS

10. Plaintiff Buchanan began working for Defendant on or around July 20, 2010 and remained employed by Defendant until her termination on or around September 15, 2010.

11. Plaintiff Sanderson began working for Defendant on or around July 1, 2010 and remained employed by Defendant until her termination on or around December 16, 2011.

12. Plaintiffs worked as servers, and with the exception of a training period, they received a regular rate of pay of approximately $4.25 per hour plus tips throughout their employment.

13. The Plaintiffs and members of the Plaintiff Class were/are entitled under the law to be paid at the prevailing minimum wage for all hours worked.

14. The Plaintiffs and members of the Plaintiff Class were/are not paid at the prevailing minimum wage for all hours worked.

15. Rather, the Plaintiffs and members of the Plaintiff Class were/are paid $4.25 plus tips for all hours worked.

16. Defendant was aware of its obligation to pay non-exempt hourly workers at a rate either equal to or exceeding the minimum wage, and intentionally chose not to pay the Plaintiffs and members of the Plaintiff Class accordingly.

17. Defendant acted in bad faith in failing to properly compensate the Plaintiffs and members of the Plaintiff Class for the work they performed.

## COUNT I – FAIR LABOR STANDARDS ACT
### (Collective Action)

18. Paragraphs 1-17 are re-alleged and incorporated as though fully set forth herein.

19. Pursuant to 29 U.S.C. § 207, Plaintiffs and all other members of the Plaintiff Class worked for Defendant as non-exempt servers, and were entitled to be compensated at the minimum wage rate for each hour worked.

20. Defendant failed to pay Plaintiffs and other members of the Plaintiff Class at the minimum wage rate for each hour they worked.

21. Defendant's failure to pay compensation to Plaintiffs and other members of the Plaintiff Class at the applicable minimum wage rate for each hour worked is a violation of the FLSA.

22. Defendant knew its obligations under the FLSA, but deliberately chose not to heed them. Thus, Defendant's failure to pay at the minimum wage rate is a willful violation of the FLSA.

23. As a direct and proximate result thereof, there is due to Plaintiffs and other members of the Plaintiff Class back wages and liquidated damages pursuant to the FLSA.

24. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. § 201,

et seq. and 29 U.S.C. § 251, et seq. Plaintiffs Buchanan and Sanderson attach as Exhibit A their Notices of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

25. All past and present servers employed by Defendant who performed hourly, non-exempt work are similarly situated to Buchanan and Sanderson in that Defendant has applied its compensation policies, which violate the FLSA, on a company-wide basis for at least all members of the Plaintiff Class.

26. All past and present employees, including Plaintiffs, are or were engaged in job duties and responsibilities integral and indispensable to the operation of Defendant's business, and neither the Plaintiffs nor any other member of the Plaintiff Class has been compensated at the prevailing minimum wage for hours worked.

27. Plaintiffs' experiences are typical of the experiences of the putative class members.

28. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this court, is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

29. The members of the Plaintiff Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

30. In order to bring this cause of action, it has been necessary for the named Plaintiffs, and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure any judgment due them with regard to back compensation.

WHEREFORE, Plaintiffs Amanda Buchanan and Brandi Sanderson, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully request this Court to enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and awarding costs incurred in filing this action; and

e) Ordering such other and further relief as the Court deems appropriate and just.

### COUNT II – ILINOIS MINIMUM WAGE LAW
### (Class Action)

31. Paragraphs 1-30 are re-alleged and incorporated as though fully set forth herein.

32. The matters set forth in this Count arise from Defendant's violations of the minimum wage provisions of the IMWL, 820 Ill. Comp. Stat. 105/4.

33. Plaintiffs and the other members of the Plaintiff Class were employees of Defendant who were not paid proper minimum wages under the IMWL, 820 Ill. Comp. Stat. 105/1, et seq., during their employment with Defendant. .

34. At all times relevant herein, Defendant has been an "employer" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

35. At all times relevant herein, Plaintiffs and the other members of the Plaintiff Class were employed by Defendant as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1, et seq.

36. Pursuant to 820 Ill. Comp. Stat. 105/4, for each hour during which Plaintiffs and the other members of the Plaintiff Class worked for Defendant, they were entitled to be compensated at rate of at least $4.95 per hour.

37. Defendant failed to compensate Plaintiffs at the prevailing minimum wage for each hour worked.

38. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiffs and the other members of the Plaintiff Class are entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

39. Plaintiffs seek certification of this lawsuit as a class action in order that their rights and those of the members of the Plaintiff Class, including all minimum and other wages due, statutory damages, prejudgment interest and any other damages due, be resolved.

40. This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) because the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Class members is impracticable. While the precise number of members of the Class has not been determined at this time, Plaintiffs believe that Defendant has employed well in excess of fifty (50) persons who have been subject to Defendant's common unlawful pay practices during the statutory three (3) year period preceding the filing of the Complaint at Law in the instant matter.

41. Plaintiffs and members of the Plaintiff Class have been equally affected by Defendant's failure to properly pay minimum wages.

42. The members of the Plaintiff Class who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

43. The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the Class.

44. Plaintiffs, the Plaintiff Class, and Defendant have a commonality of interest in the subject matter and remedy sought.

45. Plaintiffs are able to fairly and adequately represent and protect the interests of the members of the Plaintiff Class.

46. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour class and collective actions.

47. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Plaintiff Class, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

48. The books and records of Defendant are material to Plaintiffs' case as they are likely to disclose the hours worked by each employee and what each employee was paid for that work.

WHEREFORE, Plaintiffs Amanda Buchanan and Brandi Sanderson, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully request this Court to enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

b) Appointing Plaintiffs as Class Representatives and their Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiffs and all other members of the Plaintiff Class pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

h) Ordering such other and further relief as this Court deems appropriate and just.

Dated: May 8, 2012                                      Respectfully submitted,


Marc J. Siegel, #06238100                               AMANDA BUCHANAN and BRANDI
Bradley Manewith, #06280535                             SANDERSON on behalf of themselves and
Caffarelli & Siegel Ltd.                                all other Plaintiffs similarly situated known
Two Prudential Plaza                                    and unknown
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231                                      By: /s/ Marc J. Siegel
                                                             Attorney for Plaintiffs


Matthew D. Lango (ARDC No. 6286673)                     By: /s/Mathew D. Lango
Hayes Lango LLP                                              Attorney for Plaintiffs
4256 N. Ravenswood Ave., Suite 217
Chicago, IL 60613
Phone:  (773) 868-9300
Email:  lango@hayes-lango.com